UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

JOHN ALVIN KUYKENDALL,

Debtor.

Case No. 20-14818 KHT
Chapter 7

## ORDER REGARDING CERTIFICATE OF CREDIT COUNSELING

THIS MATTER comes before the Court *sua sponte*. The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O).

**I.   BACKGROUND**

Debtor John Alvin Kuykendall filed his voluntary petition under chapter 7 on July 16, 2020 (the "Petition Date"). Kevin Kubie ("Trustee") is the appointed and acting chapter 7 trustee of the estate.

Debtor filed his petition at 9:28:13 a.m. *See* docket #1. The Clerk issued a Notice to File Credit Counseling Certification shortly thereafter, at docket #7. Later that same day, Debtor filed the Certificate, at docket #11. The Certificate reflects Debtor received credit counseling pursuant to Sections 109(h) and 111 of the Bankruptcy Code[1] on the Petition Date via internet, at 12:21 pm EDT (eastern daylight time). *See* docket #11. Given the time difference between Mountain Daylight Time and Eastern Daylight Time, Debtor received the required credit counseling less than one hour after filing his bankruptcy petition.

By filing the Certificate, Debtor complied with the requirement set forth in Section § 521(b) of the Bankruptcy Code. However, since Debtor completed the class *after* he filed his bankruptcy petition, Trustee contacted the Court to ask whether the case would be automatically dismissed.

Although Trustee did not file a motion to dismiss, the Court may address whether Debtor "may be a debtor" under Section 109 *sua sponte*. 11 U.S.C. § 105(a) ("[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules . . ."); *see also, In re Hancock*, 2015 WL 1292387,

---

[1] References to the Bankruptcy Code or to Sections thereof are to 11 U.S.C. §§101, *et seq.*

*4 (W.D. Okla. 2015) ("[b]ankruptcy courts may take up the question of eligibility *sua sponte*") (citing *Hammers v. Internal Revenue Serv. (In re Hammers)*, 988 F.2d 32, 35 (5th Cir. 1993)).

## II.   DISCUSSION

With some exceptions not applicable here, Section 109(h) of the Bankruptcy Code currently provides:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period *ending on the date of filing of the petition* by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1) (2010) (emphasis added).

Prior to its amendment in 2010, Section 109(h)(1) provided "an individual may not be a debtor under this title unless such individual has, during the 180-day period *preceding the date of filing of the petition* by such individual" received the required counseling.  11 U.S.C. § 109(h)(1)(2005) (emphasis added).  The prior version generated debate among courts concerning its application, with some courts taking the view credit counseling had to be received at least the day prior to the petition date and others concluding the credit counseling requirement could be satisfied up through the moment the case was filed (known as the "Bright Line Rule").  *See In re Lane*, 2012 WL 1865448, at *3 (Bankr. N.D. Okla. 2012) (discussing cases).

In the Tenth Circuit, the Bankruptcy Appellate Panel adopted the "Bright Line Rule," holding a debtor is eligible under Section 109(h) "so long as he or she completes the required credit counseling at any time between 180 days before, and the moment of, filing the petition." *In re Francisco*, 390 B.R. 700, 705 (10th Cir. BAP 2008).  The *Francisco* court concluded the language of Section 109(h)(1) before the 2010 amendment was ambiguous and construed the term "date" "in relation to the filing of the petition, because Section 109(h)(1) sets a deadline for credit counseling that must be accomplished for a debtor to be eligible to file a petition." *In re Francisco*, 390 B.R. at 705 (quoting *In re Hudson*, 352 B.R. 391, 395 (Bankr. D. Md. 2006)).

2

The amended, current version of Section 109(h)(1) has also generated debate, this time as to whether the debtor must complete credit counseling before filing the bankruptcy petition or whether any time on the petition date, even if hours after the petition is filed, will suffice. *See, In re Lane*, 2012 WL 1865448, at *4 (Bankr. N.D. Okla. 2012). Courts espousing the former view continue to rely upon *Francisco*, at least in part. *See, e.g., In re Arkuszewski*, 550 B.R. 374, 378 (N.D. Ill. 2015); *In re Hancock*, 2015 WL 1292387, at *3 (Bankr. W.D. Okla. 2015); *In re Lane*, 2012 WL 1865448, at *4 (Bankr. N.D. Okla. 2012). These courts rely upon some or all of the following reasons:

(a) The 2010 amendment to Section 109(h)(1) was merely technical and not substantive and therefore, courts should not depart from how its predecessor was interpreted under the Bright Line Rule (*i.e.*, counseling may be received on the petition date, but must be received prior to the filing of the petition) (*see, e.g., In re Arkuszewski*, 550 B.R. at 382 (citing *In re Soohyun Koo*, 2012 WL 692578 *1 (Bankr. D.D.C. March 2, 2012));

(b) the word "date" in Section 109(h)(1) must refer to a moment in time (the filing of the petition) rather than a 24-hour period because of the importance of delineating pre-petition from post-petition events, as reflected in other provisions of the Bankruptcy Code (*see, e.g., In re Lane*, 2012 WL 1865448, at *4 (citing various Code sections); *In re Francisco*, 390 B.R. at 703; *In re Moore*, 359 B.R. 665, 672 (Bankr. E.D. Tn. 2006));

(c) legislative history reflects Congressional intent for debtors to make informed choices before filing bankruptcy (*see, e.g., In re Arkuszewski*, 550 B.R. at 382 (citing *In re Soohyun Koo*, 2012 WL 692578, at *2));

(d) requiring counseling prior to filing the petition is consistent with the enumerated exceptions provided in Section 109(h)(2) through (4); and

(e) their interpretation matches the national Official Form of Voluntary Petition,[2] *see In re Lane*, 2012 WL 1865448, at *4.

---

[2] Official Form 101, Voluntary Petition, Part V provides the following options for debtors to certify compliance with the credit counseling requirement: (1) debtor received approved credit counseling and is attaching the certificate; (2) debtor received approved credit counseling and will submit evidence of same within 14 days after filing the petition; (3) debtor meets the requirements of § 109(h)(3) to receive a temporary waiver because debtor requested credit counseling but was unable to obtain the services within 7 days from the request and exigent circumstances merit a 30-day waiver; or (4) debtor is not required to receive credit counseling because debtor meets the requirements of § 109(h)(4) (incapacity, disability, active military duty in a military combat zone).

Courts espousing the latter view – that credit counseling may be completed at any time on the petition date, even if after the petition is filed – conclude Section 109(h)(1) is unambiguous; under its plain language, credit counseling must be completed during the 180-day period ending on the "date" of filing, and "date" is a day, or a 24-hour period. *See, In re Tillman*, 2017 WL 933025, at *1 (Bankr. W.D.N.C. 2017) (unreported decision) ("[s]ince 'date of filing' in § 109(h) refers to an entire day and not to a particular point in time during the day, debtors that obtain credit counseling at any point during the same day that they file their petitions are in compliance with the plain language of the statute"); *In re Walker*, 502 B.R. 324, 328 (Bankr. N.D. Ill. 2013) ("[t]he language of Section 109(h)(1) is expressed in plain terms" since Black's Law Dictionary defines "date" as a "day," and "day" as "[a]ny 24-hour period: the time it takes the earth to revolve once on its axis . . ." So, "[w]here an act is to be done on a particular day, the party has the whole of that day in which to perform it") (further citations omitted).

This Court's inquiry "begins where all such inquiries must begin: with the language of the statute itself." *Unites States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). If the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *Id.* (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).

Under Section 109(h)(1), credit counseling must be completed within the 180-day period "ending *on the date* of filing of the petition" not "ending *on the filing* of the petition," or ending at any particular moment in time on such date. "Date" means:

> 1. The day when an event happened or will happen <date of trial>. 2. A period of time in general <at a later date>. 3. An appointment at a specified time <no dates are available>.

*Black's Law Dictionary* (11th ed. 2019); *see also, In re Walker*, 502 B.R. at 328. "Day" means:

> Any 24-hour period; the time it takes the earth to revolve once on its axis <we have a day to prepare a mandamus petition>. 2. The period between the rising and the setting of the sun <day or night>. — Also termed *natural day*. 3. Sunlight <we can see it in the day>. 4. The period when the sun is above the horizon, along with the period in the early morning and late evening when a person's face is discernible. 5. Any specified time period, esp. as distinguished from other periods <the good old days> <a

>  day's work>. — Also termed (in senses 2–4) *daytime.* Cf. night.

*Id.*

"A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Kientz v. Comm'r, SSA*, 954 F.3d 1277, 1281 (10th Cir. 2020) (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

This Court agrees with the *Tillman* and *Walker* courts. Section 109(h)(1) is unambiguous. *Accord*, 2 *Collier on Bankruptcy* P 109.09 (16th ed. 2020) ("[u]nder the language of section 109(h), as amended in 2010, it appears that the credit counseling briefing could occur after the petition is filed, as long as it occurs on the same day").

The Court opts for the most ordinary meaning of "date" as opposed to the sort of "date" for which the white rabbit was running late. *See* Lewis Carroll, *Alice's Adventures in Wonderland* (1865). This interpretation is neither absurd nor "compel[s] an irrational result." *In re Roberts*, 906 F.2d 1440, 1445 (10th Cir. 1990). Allowing debtors through the petition date to complete their credit counseling results in far fewer administrative hassles and expense of time and money to deal with them; since debtors take credit counseling online, their certificates may reflect up to three different time zones. It also provides a truly "Bright Line Rule" for all to follow.

The Court's analysis is also supported by the context. *See, Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) ("[t]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole") (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477 (1992); *McCarthy v. Bronson,* 500 U.S. 136, 139 (1991)). The Court acknowledges "date of filing" under other sections of the Bankruptcy Code, "notably in reference to avoidance of transfers and timing of debtors, has been interpreted to mean the moment of filing" to avoid "the 'gap issues' that could arise if events were not pegged to timing of the petition filing", *In re Arkuszewski*, 550 B.R. at 379 (citing *In re Francisco*, 390 B.R. at 704-705) (further citations omitted). But in such instances, it is imperative to delineate pre-petition from post-petition.[3] In contrast:

> . . . section 109 requirements are not jurisdictional and do not bar at the courthouse steps a party who is purportedly ineligible. . . . Cases

---

[3] *See, e.g.*, Section 547(b)(4)(A) (avoidance of preferential transfers), Section 549(a)(1) (avoidance of post-petition transfers), Section 348(f)(1)(A) (defining property of the estate on conversion of a Chapter 13 case to another chapter). *In re Francisco*, 390 B.R. at 703–704.

5

> commenced by such parties are not nullities. . . . While such cases may later be dismissed on eligibility grounds, during the pendency of the case, the automatic stay and other essential protections apply, and should the case be dismissed, a subsequent case will be affected thereby. *See, e.g.*, 11 U.S.C. §§ 362(c)(3) & (4). Whether a petition is filed the minute before or the minute after credit counseling is obtained will always be heard at a later date in the case so commenced, at which point the criteria of eligibility will either have been satisfied or not. Put another way, while such conditions might define who may *remain* a debtor once considered by the court, they do not define who may *become* a debtor.

*In re Walker*, 502 B.R. at 327, n.1 (citations omitted).

The most comparable part of the Bankruptcy Code – and the logical context of the statutory language for our purposes – is the post-petition financial management course requirement as provided in Section 727(a)(11). The Court may grant a debtor a discharge unless, "after *filing the petition*, the debtor failed to complete an instructional course in personal financial management." 11 U.S.C. § 727(a)(11) (emphasis added). "Congress, in drafting the companion counseling section . . . did in fact choose [p]recise language." *In re Walker*, 502 B.R. at 332 (citing 11 U.S.C. § 1328(g)). It did not do so in Section 109(h)(1).

Because the language of the statute is plain and unambiguous, the Court need not delve into the legislative history, as other courts have done. *See, In re McGough*, 737 F.3d 1268, 1273 (10th Cir. 2013) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.") (quoting *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992)). However, in this Court's view, interpreting "date" to be the moment of the filing of a bankruptcy petition is simply not justified by Congressional "awareness" of the varying judicial interpretations of Section 109 prior to the 2010 amendment. Had Congress intended the credit counseling requirement to be completed during the 180-day period ending on the petition date but prior to the filing of the bankruptcy petition, it could easily (and clearly) have said so in the 2010 amendment.

One of the "[t]he principal purpose[s] of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *In re Wark*, 542 B.R. 522, 529 (Bankr. D. Kan. 2015) (quoting *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 367 (2007) (quoting *Grogan v. Garner,* 498 U.S. 279, 286, 287 (1991)). This Court agrees with *Walker* and will not ignore the most ordinary meaning of the word

"date" in Section 109(h)(1) in a way that frustrates that purpose, "for the mere sake of effectuating Congress's presumed intent". *In re Walker*, 502 B.R. at 332.

Admittedly, there is some conflict between Section 109(h)(1) and Fed.R.Bankr.P. 1007(c), which provides the certificate of credit counseling be filed with the petition. Nevertheless, the Code prevails; the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. "[A]ny conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." *In re DVR, LLC*, 582 B.R. 507, 517 (Bankr. D. Colo. 2018) (quoting *United States v. Towers (In re Pac. Atl. Trading Co.)*, 33 F.3d 1064, 1066 (9th Cir. 1994)), *aff'd*, 606 B.R. 80 (D. Colo. 2019).

Likewise, Section 109(h)(1) also appears to conflict with the language in the Official Form of Voluntary Petition (note 2, *supra*), which "is more consistent with the previous version of § 109(h) than the current version". *In re Tillman*, 2017 WL 933025 at *2. But the Official Forms must also "be construed to be consistent with [the] rules and the Code", Fed.R.Bankr.P. 9009, and as the Official Forms are not substantive law, "in the event of a conflict between the forms and the statute, the statute controls." *In re Addison*, 580 B.R. 24, 31 (Bankr. E.D.N.Y. 2018) (quoting *In re Rahman*, 400 B.R. 362, 368 n.10 (Bankr. E.D.N.Y. 2009)).

In light of the foregoing, it is hereby

ORDERED Debtor is eligible to be a debtor in this chapter 7 case.

Dated September 30, 2020.   BY THE COURT:

_____
Kimberley H. Tyson
United States Bankruptcy Judge